United States District Court
Southern District Of Indiana

Noel Shuck
Plaintiff,

vs.

Dr. Paul Talbot, individually,
Wexford health care services Inc.,
Defendants

Cause no. 1:20-cv-00322-JPH-TAB

**FILED**
12:12 pm, Jan 29, 2020
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

Complaint

I. Jurisdiction and Venue

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3), and 1343 (2)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Southern District is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the event giving rise to this claim occured.

## II. Plaintiff

1. Plaintiff, Noel Shuck; (herein after "Plaintiff") is and was at all times mentioned herein a prisoner of the state of Indiana, in the custody of the Indiana Department of Corrections. He is currently confined in Pendleton Correctional Facility in Pendleton Indiana.

## III. Defendants

1. Defendant, Dr. Paul Talbot, was a employee of Wexford health care services Inc. and was required to follow his training, policy and proceedures of Wexford health care services Inc. and the Indiana Department of Corrections at all times mentioned in this complaint. He was required to do so at all times to ensure the safety and security of all inmates in the custody of the I.D.O.C.

2. Defendant, Wexford health care services, Inc.; (herein after "Wexford"), has legal responsibility over the Plaintiff's health care needs given

2

by the State of Indiana. This includes life threatening and non life threatening medical issues.

## IV. Facts

1. On January, 7th 2019 Plaintiff contacted Wexford staff on a health care request form, stating a very clear issue with his hernia and how it was urgent that he be seen.

2. Wexford noted two seperate hernia issues. Wexford noted that Plaintiff has a Utility Worker who has to lift heavy objects. Despite noting the two hernias no lay in was issued by Wexford or Dr. Talbot.

3. Plaintiff struggled to carry on with everyday life despite the overwhelming daily pain. And on January, 26th 2019 requested another follow up as the options of health care weren't working.

4. On February, 26th 2019 Plaintiff was issued an abdominal binder when a hernia truss/belt is what the Plaintiff was supposed to recieve. Another example of the defendants denied, delayed and or downgraded treatment.

5. On March, 22nd 2019 Plaintiff became desperate and wrote the Hospital Administrator with a desperate cry for help.

3

As both hernias were bad and getting worse. Though the Plaintiff was once again given the run around.

6. On March, 30th 2019 the Plaintiff filed another health care in distress from this "serious medical need" and was reffered to see Dr. Talbot for evaluation.

7. All administrative remedies were exhausted. All P.L.R.A. guidelines were met by the Plaintiff. Though the process was utilized the Plaintiff was only given the run around.

8. On June, 13th 2019 the Plaintiff wrote a health care request to Wexford concerning a bottom bunk, bottom tier pass due to the two hernias, serious bone fusion in the neck and seizures. The degenerative disk disease in the neck also includes chronic nerve damage in the neck, left shoulder and arm. Yet it took Dr. Paul Talbot until November, 27th 2019 to renew the bottom bunk, bottom tier pass. This caused injury, a state of imminent danger and unecessary pain and suffering.

4

9. On October, 8th 2019 the Plaintiff wrote a urgent health care request to Wexford. The Plaintiff stated he'd waited months for help with his two hernias. And that it'd gotten so bad the Plaintiff's intestines were in his scrotum and attempts to push in his Intestines hadn't worked for months. Yet nursing staff erroneously claimed the Plaintiff was a "No show" on October 11th and 14th 2019.

10. In desperation the Plaintiff put in a health care request form on November, 5th 2019 asking about surgery. It wasn't until November, 8th 2019 that the Plaintiff was informed that a surgery was scheduled.

11. Dr. Paul Talbot and Wexford continually subjected the Plaintiff to delayed, denied or downgraded treatment. The post surgery medication perscribed by the outside doctor wasn't provided by Dr. Talbot or Wexford. Officials interfeared with treatment provided by an outside specialist with deliberate indifference.

12. "The threat was obvious."

5

V. Claims For Relief

Pain and Suffering; (8th Amendment of U.S.C.)

1. Dr. Paul Talbot and Wexford are responsible for the pain and suffering the Plaintiff endured. The Plaintiff made repeated attempts to resolve "serious medical needs" only to be given the run around and subjected to denied, delayed and or downgraded treatment.

Medical Need; (8th Amendment of U.S.C.)

2. Dr. Paul Talbot and Wexford knew of multiple issues with the Plaintiff's health that rose to the standard of "serious medical need." Though Dr. Paul Talbot nor Wexford acted reasonably in response to the threat to the Plaintiff's life, health and well being.

Deliberate Indifference; (8th Amendment of U.S.C.)

3. Dr. Paul Talbot and Wexford are responsible for making decisions with deliberate indifference against the Plaintiff's safety, health and well being.

6

This is shown throughout the complaint with multiple instances of denied, delayed and or downgraded medical treatment.

Cruel And Unusual Punishment; (8th Amendment of U.S.C.)

4. Dr. Paul Talbot and Wexford are liable and responsible for cruel and unusual punishment. This was shown in plain english in the complaint. Though mere words can't fully describe the pain, torment, agony and torturous work conditions the Plaintiff was subjected to. That suffering is without excuse to any sound logic or reason.

Liability

5. Defendant, Dr. Paul Talbot; is responsible for complete liability and performances by him that resulted in the Plaintiff's injuries. Dr. Paul Talbot was the assigned doctor where the injuries occured through the period described in the complaint.

7

He was hired by Wexford in behalf of I.D.O.C. to provide sound and reasonable medical care. Goals which he failed in both a professional and individual capacity.

6. Defendant, Wexford; is responsible for liability and performances that resulted in the Plaintiff's injuries. As a contractor serving the State of Indiana Wexford is required to train and supervise all of its employees. The lack of proper training, supervision and discipline of Wexford employee Dr. Paul Talbot lead to cruel injuries sustained by the Plaintiff. And denied, delayed and or downgraded treatment by Dr. Paul Talbot.

## VI. Prayers For Relief

1. WHEREFORE, Plaintiff respectfully prays that this court enter judgment granting Plaintiff:

8

# 1. A declaration that the acts and omissions described herein violated the Plaintiff's rights under the Constitution and laws of the United States.

2. Actual damages for what the Plaintiff has suffered.

3. Punitive damages.

4. A bench trial by a judge.

5. Plaintiff's costs in this lawsuit.

6. Any additional relief this court deems just, proper and equitable.

Date:

_Noel Shuck_

Noel Shuck #160960
Pendleton Correctional Facility
4490 W Reformatory Rd.
Pendleton, In. 46064-9001

Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Pendleton, Indiana on:

Noel Shuck

January, 22nd 2020

Affiant
Noel Shuck #160960