UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NOEL SHUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00322-JPH-TAB |
| | ) | |
| PAUL TALBOT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Service of Process**

Plaintiff Noel Shuck, *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging claims of deliberate indifference to his serious medical needs. Because Mr. Shuck, an inmate at Pendleton Correctional Facility ("Pendleton"), is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. The Complaint

Mr. Shuck names two defendants in his complaint: (1) Wexford of Indiana, LLC ("Wexford"), incorrectly captioned as Wexford Healthcare Services, Inc.; and (2) Dr. Paul Talbot. Mr. Shuck seeks compensatory and punitive damages.

Mr. Shuck alleges the following in his complaint. On January 17, 2019, Mr. Shuck submitted a healthcare request form stating that he had an issue with his hernia and needed to be seen urgently. When Mr. Shuck was seen, Wexford staff noted Mr. Shuck's two hernias and that he was a utility worker who had to lift heavy objects. Wexford staff did not issue a "lay-in" order. On January 26, Mr. Shuck was still in pain and requested a follow-up appointment. On February 26, Mr. Shuck was issued an abdominal binder and not a hernia truss. On March 22, Mr. Shuck wrote to the hospital administrator for help, and on March 30, he filed another health care request. Mr. Schuck was referred to see Dr. Paul Talbot for evaluation.

On June 13, Mr. Shuck submitted a healthcare request for a bottom bunk, bottom tier pass due to his hernias, seizures, and degenerative disk disease in his neck, left shoulder, and arm. Dr. Talbot did not renew Mr. Shuck's bottom bunk, bottom tier pass until November 27. As a result, Mr. Shuck suffered injury and pain. On November 5, Mr. Shuck submitted a healthcare request form asking for surgery. He was informed on November 8 that a surgery was scheduled.

## III. Discussion of Claims

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The constitutional provision implicated by Mr. Shuck's claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). In order for an inmate to state a claim under § 1983 for medical mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (construing *Estelle*).

Because Wexford acts under color of state law by contracting to perform a government function, *i.e.*, providing medical care to correctional facilities, it is treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Defendants, including private corporations, are not vicariously liable under 42 U.S.C.§ 1983 for the alleged misdeeds of their employees. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). Therefore, to state a cognizable deliberate indifference claim against Wexford, the plaintiff must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Wexford. A failure to train may rise to the level of an official government policy under section 1983, *Connick v. Thompson*, 563 U.S. 51 (2011), and Plaintiff alleges that

Wexford's "lack of proper training, supervision and discipline" of Dr. Talbot led to the injuries, dkt. 1 at 8. These allegations are sufficient, at least at this screening stage, to state a claim against Wexford for *Monell* liability.

Liberally construing Mr. Shuck's allegations, the complaint states a policy or custom claim against Wexford and **shall proceed**. Mr. Shuck's Eighth Amendment deliberate indifference claim against Dr. Talbot also **shall proceed**.

The discussion above addresses all viable claims the Court has identified in the complaint. If Mr. Shuck believes additional claims were alleged but not identified by the Court, he shall have through **September 30, 2020**, to identify those claims.

**IV. Summary and Service of Process**

The clerk **is directed** to change the caption to reflect the correct defendant name of Wexford of Indiana, LLC. The action shall proceed with an Eighth Amendment deliberate indifference claims against Wexford and Dr. Paul Talbot pursuant to 42 U.S.C. § 1983. Mr. Shuck shall have through **September 30, 2020**, to notify the Court of any additional claims he believes he raised.

The clerk is **designated** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Wexford of Indiana, LLC and Dr. Paul Talbot in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 9/11/2020

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

NOEL SHUCK
160960
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Dr. Paul Talbot
Medical Provider
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Electronic service to Wexford of Indiana, LLC