UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOEL SHUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:20-cv-00322-JPH-TAB |
| | ) |
| PAUL TALBOT, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Granting in Part and Denying in Part Plaintiff's Motions for Preliminary Injunction**

This matter comes before the Court on plaintiff Noel Shuck's motions for preliminary injunction. For the reasons below, Mr. Shuck's motions, dkts. [29], [32], are **granted in part and denied in part**.

"A preliminary injunction is an extraordinary remedy." *HH-Indianapolis, LLC v. Consol. City of Indianapolis and County of Marion, Indiana*, 889 F.3d 432, 437 (7th Cir. 2018) (internal quotation omitted). "A party seeking a preliminary injunction must satisfy all three requirements in the threshold phase by showing that (1) it will suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim." *Id.* (internal quotation omitted). In addition, a portion of the Prison Litigation Reform Act provides as follows:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

In his motion, Mr. Shuck asserts that he has had two previous hernia surgeries, that he believes he is suffering from a reopened hernia, and that the defendants have denied his requests for additional surgery. He requests injunctive relief in the form of "hernia repair surgery[.]" Dkt. 29 at 2. In response to Mr. Shuck's motion, defendants Dr. Paul Talbot and Wexford of Indiana ("the Wexford Defendants") informed the Court that they have approved Mr. Shuck's request for an off-site general surgical consult and that an order of injunctive relief is not required. Dkt. 33 at 5-6. In light of this action by the Wexford Defendants, Mr. Shuck's motions for a preliminary injunction, dkts. [29, 32], are **granted** to the extent that he requests to be scheduled for an offsite general surgical consult and **denied** to the extent that he asks the Court to order a specific course of surgical treatment.

The Wexford Defendants **are ordered to file a notice by March 10, 2021,** reporting the status of their provision of a surgical appointment for Mr. Shuck.

**SO ORDERED.**

Date: 2/18/2021

                                                 James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

NOEL SHUCK
160960
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Rachel D. Johnson
KATZ  KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com